IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE PEOPLE OF BIKINI, BY AND THROUGH THE KILI/BIKINI/EJIT LOCAL GOVERNMENT COUNCIL, ELDON NOTE, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 06-288C<br>(Judge Block) |

**PLAINTIFFS' SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, the people of Bikini, by and through the Kili/Bikini/Ejit Local Government Council, oppose defendant's motion to dismiss, as follows:

The government, acknowledging the strength of the analysis presented in our opposition to the motion to dismiss, argues for the first time in its reply brief that it is entitled to dismissal because of a valid release. Defendant's Reply Brief at 4-6. We agree with the government, of course, that the validity of the purported release of plaintiffs' claims is a critical issue in this case, because absent a valid release, eliminating jurisdiction to award just compensation would violate the Fifth Amendment. Memorandum in Opposition to Defendant's Motion to Dismiss ("MOMD") at pp. 8-29. However, we submit that the government's new argument is not properly before the Court.

First, it is procedurally improper for the government to argue release as a basis for dismissal now in a reply pleading after declining to do so in its moving papers. The government's lead argument in its reply is "Plaintiffs' Claims Have Been Fully Settled and Validly Released." Reply Brief at 1. Replies allow the moving party to address the other side's arguments, not to add new grounds to a motion. The government's opening memorandum did not present any arguments concerning the validity of a release. It referred to the release only in an awkward attempt to convert what was clearly a jurisdictional dismissal – which has no res judicata effect – into a dismissal on the merits. Defendant's Motion to Dismiss at 33-35.

Second, release is an affirmative defense, not an element of plaintiffs' claim. Rule 8(c) of the Rules of the Court of Federal Claims.[1] A plaintiff has no duty to plead facts negating a release defense in the complaint, so the absence of such allegations does not mean that the complaint fails to state a claim upon which relief can be granted. See generally 5 C. Wright and A. Miller, Federal Practice and Procedure § 1277:

> [A]ffirmative defenses specifically listed in Federal Rule 8(c) . . . must be asserted in the defendant's answer. . . . [M]ost defensive matters cannot be the basis for a motion to dismiss the plaintiff's complaint. . . . Since the facts necessary to establish an affirmative defense generally must be shown by matter outside the complaint, the defense technically cannot be adjudicated on a motion under Rule 12.

See also Deckard v. General Motors Corp., 307 F.3d 556, 560 (7th Cir. 2002) (motion to dismiss improper since release is an affirmative defense).

[1] To be sure, there are some affirmative defenses that may be asserted from the complaint. The classic example is a statute of limitations defense if the complaint pleads the events fixing liability beyond the limitations period. In these circumstances, there is no practical difference between a motion to dismiss and a motion for summary judgment based on the undisputed facts alleged in the complaint. Even then, however, the plaintiff is entitled to present facts, which need not be pleaded in the complaint, to establish equitable tolling or otherwise to negate the statute of limitations defense.

Although there is ample basis on which the Court could rule that the Section 177 Agreement is not a valid release of plaintiffs' claims as a matter of law, the Court should not enter judgment on the basis of a release defense without giving the plaintiffs an opportunity to present facts that negate the release. In short, plaintiffs are entitled to respond factually to the government's release defense – if properly raised in an answer and a motion for summary judgment – and will do so at that time. As we have previously argued, the government's motion to dismiss "does not seek dismissal on the basis of a release of its liability by the RMI or otherwise directly rely on the RMI's espousal and release of claims." MOMD at 18. If it did, we pointed out that "[d]etermination of the validity of the espousal or release in Article X of the Section 177 Agreement is a fact-intensive matter that should be decided only after full discovery. . . ." MOMD at 38. We had no obligation to plead facts negating the defense and the defense cannot be adjudicated without our having an opportunity to do so.

The government's release defense based on the plaintiffs' agreement to dismiss their pending appeal of the jurisdictional dismissal, although not properly before the Court, can also be rejected as a matter of law. Contrary to the government's assertion that plaintiffs "voluntarily and unequivocally waived all of their claims in exchange for Congress' appropriation of an additional $90 million in 1988," Defendant's Reply Brief at 6, the legislation clearly states the wavier of all claims is in exchange for the $90 million, "<u>together with</u> the other payments, rights, entitlement and benefits provided for under the Section 177 Agreement" (emphasis added). Indeed, that is precisely why the Section 177 Agreement directed the Nuclear Claims Tribunal to deduct the $90 million (and other Congressional appropriations) from its award to plaintiffs. Amended

Complaint ¶ 80. Plaintiffs' complaint seeks just compensation for the Fifth Amendment taking resulting from the government's failure to adequately fund the Tribunal so that it could make that "together with" payment, and the central issue before this Court is whether withdrawal of this Court's jurisdiction over that "together with" payment would constitute an unconstitutional taking of plaintiff's property under the Fifth Amendment.

There are numerous additional facts related to these purported releases that could be established if their validity were properly placed before this Court, but it is premature to do so at this time. Among these issues are:

- Whether the defendant, as a fiduciary trustee, disclosed enough information to plaintiffs to ensure that the release under Section 177 was valid;
- Whether the release on which the government relies with respect to the Section 177 agreement was a release from the RMI or from the plaintiffs;
- Whether the RMI had the capacity to espouse plaintiffs' claims at the time the Section 177 agreement was entered into;
- Whether the RMI had the ability to extinguish plaintiffs' constitutional takings claims before this Court; and
- Whether plaintiffs have ever released defendant.

The government makes no serious effort to defend the validity of the Section 177 agreement release against the various legal and factual contentions preliminarily offered in our opposition. In fact, the government's real argument is not that it is entitled to dismissal because of a valid release, but that by raising a release defense it can make the whole case non-justiciable and the claims cannot be litigated. Defendant's Reply Brief at 5-6. Withdrawing jurisdiction over claims that have been validly settled and released is

perfectly constitutional. Withdrawing jurisdiction to enforce claims in the absence of a valid release is not. It is up to the defendant to show that a release is valid, but it is not appropriate to make that argument in a motion to dismiss, much less as an afterthought in a reply brief.

Respectfully submitted,

s/Jonathan M. Weisgall__
Jonathan M. Weisgall

Jonathan M. Weisgall, Chartered
Counsel of Record
1200 New Hampshire Avenue, N.W., Suite 300
Washington, D.C. 20036-6812
tel: (202) 828-1378
fax: (202) 828-1380
E-mail: jmweisgall@midamerican.com
Attorney for Plaintiffs

Of Counsel:

Robert K. Huffman
Miller & Chevalier Chartered
655 15th St., N.W.
Washington, DC 20005
tel: (202) 626-5824
fax: (202) 626-0858
E-mail: RHuffman@milchev.com

Elizabeth Langer
Law Offices of Elizabeth Langer
3712 Ingomar Street, N.W.
Washington, D.C. 20015
tel: (202) 244-0456
fax: (202) 244-0456
E-mail: el@elizabethlanger.com

February 16, 2007

Certificate of Filing

I hereby certify that on February 16, 2007, a copy of the foregoing "Plaintiffs' Surreply Memorandum in Opposition to Defendant's Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

s/Jonathan M. Weisgall