UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PEOPLE OF BIKINI, BY AND THROUGH THE KILI/BIKINI/EJIT LOCAL GOVERNMENT COUNCIL, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-288C (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO FILE A SUR-REPLY

Pursuant to Rule 7.2(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully files this response in opposition to "Plaintiffs' Motion To File A Surreply Memorandum in Opposition to Defendant's Motion to Dismiss" ("Pls Mot."), filed on February 16, 2007. Plaintiffs also filed separately on that date "Plaintiffs' Surreply Memorandum in Opposition to Defendant's Motion to Dismiss."

Plaintiffs base their motion upon two points, neither of which have merit. First, plaintiffs contend that the Government raised the issue of release for the first time in our reply brief and that they are, therefore, deprived of the opportunity to respond. Plaintiffs cannot credibly argue prejudice, however, because they raised the issue of a "valid settlement and release" in response to our motion to dismiss and we addressed this in our reply brief. Indeed, plaintiffs dedicated no less than 16 pages of their 40 page opposition brief to this issue. Obviously, the Government would have been prejudiced if precluded from responding to plaintiffs' arguments. Moreover, we addressed the release language of Article X of the Section 177 Agreement and the 1988 appropriation, and the effect of the release language upon plaintiffs' claims. See Defendant's

Motion to Dismiss, pp. 6, 17-18, 31-32. Therefore, plaintiffs cannot feign surprise or demonstrate any prejudice because the Government addressed an argument they raised in their opposition as another basis for dismissal.

Second, plaintiffs contend that "it is casebook law that release is an affirmative defense" involving facts outside the pleadings that cannot be raised through a motion to dismiss. Pls Mot. 1-2. However, it is recognized that

> In practice, even those federal courts purporting to follow the rule against raising defenses by motion often tend to reach the same result as does the Third Circuit. Many courts permit affirmative defenses to be asserted by motion even when the defenses are not available on the face of the complaint. This is especially true as to those affirmative defenses that seem likely to dispose of the entire case or a significant portion of the case and defenses that require no factual inquiry for their adjudication.

5 Fed. Prac. & Proc. Civ.3d § 1277. As is clear from both our moving and reply briefs, the Court should dismiss the complaint based upon the plain language of the Compact agreements and the 1988 appropriations, including the release of claims as well as the withdrawal of jurisdiction over the claims. Moreover, the amended complaint, as well as the factual findings made by the courts in the earlier litigation, provide more than sufficient factual bases upon which to dismiss pursuant to RCFC 12(b)(1) and (b)(6).

Accordingly, the United States respectfully requests that the Court deny plaintiffs' motion to file a sur-reply in further opposition to defendant's motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson

JEANNE E. DAVIDSON
Acting Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640
E-mail: kathryn.bleecker@usdoj.gov

Attorneys for Defendant

February 27, 2007

**Certificate of Filing**

I hereby certify that on February 27, 2007, a copy of foregoing "Defendant's Opposition to Plaintiffs' Motion to File a Sur-reply" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kathryn A. Bleecker