UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PEOPLE OF BIKINI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-288C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE
COURT'S MARCH 14, 2007 ORDER

Defendant, the United States, respectfully responds to the Court's order dated March 14, 2007, directing the parties to show cause "as to why the motions [to dismiss this case and Ismael John v. United States, No. 06-289L] should not be argued and decided together and whether they should not be consolidated for further proceedings pursuant to RCFC 42(a)." Order ¶ 1. The United States agrees that the pending motions to dismiss filed in each case could be heard at the same time. However, as discussed in more detail below, we believe that the cases should not be consolidated and that the motions would be more efficiently and effectively decided separately.

Pursuant to Rule 42(a) of the Rules of the Court of Federal Claims ("RCFC"):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

The Court has broad discretion to determine whether consolidation is appropriate. Boston Edison Co. v. United States, 67 Fed. Cl. 63, 65 (2005) (quoting Cienega Gardens v. United States, 62 Fed. Cl. 28, 32 (2004)). "In determining whether consolidation is appropriate, the court must weigh the risks of prejudice and possible confusion against 'the risk of

inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" Id. at 65-66 (quoting Cienega, 62 Fed. Cl. at 31); see also Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990); Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). The appropriateness of consolidating claims depends on whether the interest of judicial economy outweighs the potential for delay, confusion, and prejudice that may result from consolidation. Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (citing Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).

It is evident that there are common issues of law and fact in these cases. Indeed, the question of whether the Court possesses jurisdiction to hear these cases in light of the congressional withdrawal of jurisdiction from all courts, the release of claims pursuant to the Compact Agreements and the non-justiciable political questions raised by the complaints are common to both cases. However, this case involves an additional payment and release that is not at issue in John. See, e.g., Defendant's Motion to Dismiss in Bikini, pp. 9-10. While the United States moved to dismiss both cases pursuant to the six-year statute of limitations, 28 U.S.C. § 2501, the underlying facts, as well as the Court's rulings in the earlier litigation, give rise to distinct factual and legal issues in these cases. Compare Juda v. United States, 6 Cl. Ct. 441, 450-51 (1984) (Bikinians' claims were not barred by the six-year statute of limitations because their removal from Bikini Atoll in August 1978 was a "sufficiently distinct [event] in the temporal sequence to constitute a new and separate taking for purposes of a ruling, in a motion to

dismiss"), with Peter v. United States, 6 Cl. Ct. 768, 775 (1984) (noting that "[t]he situation at Enewetak differs factually from the situation at Bikini" and, therefore, the takings claims of people of Enewetak were barred by statute of limitations).

There are additional distinctions of both law and fact that could result in prejudice or confusion in addressing the United States' motions to dismiss. For example, the plaintiffs in this case assert claims, such as Count IV (Third-party Beneficiary Breaches of Implied Duties and Covenants), that have no counterpart in John. In John, the plaintiffs allege, in Count I, a temporary physical taking of Enewetak Atoll that has no direct counterpart in this case. Plaintiffs in both actions allege breaches of an implied-in-fact contract. However, in Count II, the Bikini plaintiffs allege breaches of fiduciary duties by the United States' alleged failure and refusal to fund adequately the award of the Nuclear Claims Tribunal. Amd. Compl. ¶ 112. In Count III, they allege beach of implied duties and covenants, based upon the United States' alleged failure or refusal to seek additional funds from Congress, interference with their efforts to seek such funds, and failure or refusal to fund adequately the Tribunal's award. Id. ¶ 116. In contrast, the John plaintiffs allege breach of implied contract by the United States' alleged failure to ensure their economic and social well-being, by failing to return the Enewetak Atoll to them in its original condition, and by failing to compensate them for the use of their atoll. John Amd. Compl. Count II and ¶ 198.

For these reasons, we believe that, consistent with RCFC 42(a), these cases can more effectively be addressed simultaneously on the Government's motions to dismiss, but that the potential for prejudice or confusion due to the distinct legal and factual issues outweigh the

commonalities.[1] Because both actions currently are pending before the same Court, the "risk of inconsistent adjudication of common factual and legal issues" will be avoided. Cienega, 62 Fed. Cl. at 31 (quoting Johnson v. Celotex Corp., 899 F.2d at 1287). In the earlier litigation by these plaintiffs, the same Court handled the cases while deciding them separately, resulting in effective and efficient resolution of both cases. Hearing oral argument of the separately briefed motions to dismiss at the same time, will avoid any possibility of duplicative arguments, confusion or prejudice, and without resulting in delay or inconvenience to the Court or the parties.

Accordingly, we respectfully request that the Court not consolidate these cases, that it hear oral argument on the United States' motions to dismiss at the same time but decide the cases separately, based upon the arguments raised by the parties in the separately filed briefing.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson

JEANNE E. DAVIDSON
Director

---

[1] The Court could reconsider consolidation to the extent any claims remain following resolution of the motions to dismiss. Moreover, should discovery become necessary, the United States would cooperate in establishing a coordinated discovery schedule and other procedural arrangements designed to "significantly promote the efficient administration of justice." RCFC 40.2(b)(1) (regarding indirectly related cases).

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640
E-mail: kathryn.bleecker@usdoj.gov

Attorneys for Defendant

Of Counsel:

BRUCE K. TRAUBEN
Trial Attorney
Natural Resources Section
Environment and Natural
Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044
Tele: (202) 305-0238

March 23, 2007

**Certificate of Filing**

I hereby certify that on December 20, 2006, a copy of foregoing "Defendant's Unopposed Motion for Enlargement of Time" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that I have sent a copy of the foregoing by electronic mail to counsel of record for plaintiffs, Jonathan M. Weisgall at "JMWeisgall@midamerican.com".

s/ Kathryn A. Bleecker